Case: 07-11839   Doc: 10   Filed: 05/31/07   Page: 1 of 2

FILED
May 31 2007
05:20 PM
US Bankruptcy Court
Western District Of Oklahoma

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

IN RE: )
)
DAVID BYRON PIERCE ) CASE NO. 07-11839 NLJ
HOLLIE DEAN PIERCE )
)
DEBTORS. ) CHAPTER 13
)
SS#: \*\*\*-\*\*-7154 )
SS#: \*\*\*-\*\*-8314 )

## CHAPTER 13 PLAN

1.     The future income of the Debtors are submitted to the supervision and control of the court, and the Debtors shall pay to the Trustee monthly the sum of $2,895.00 for a term of 60 months.

2.     From the payments so received, the Trustee shall make disbursements and creditors shall be treated as follows:
     a.     The claims or expenses entitled to priority under §507(a)(1) shall be paid in full in deferred cash payments before payment to all other creditors as follows:

| PRIORITY CLAIMANTS | TOTAL IN PLAN |
|---|---|
| John Hardeman Chapter 13 Trustee | 17,250.00 |
| Deborah Brooks & Associates, P.C., having received $300.00 prior to filing this petition, to receive as a priority in the Plan the sum of $2,200.00 | 2,200.00 |

If secured creditors can demonstrate the need for adequate protection by (1) showing that their collateral is depreciating and (2) that there is no equity in the property, then the Trustee is permitted to pay these secured creditors a reasonable monthly payment upon confirmation of the Plan along with a reasonable monthly payment to the attorney.

     b.     CLAIMS SECURED BY REAL PROPERTY. The following creditor(s) shall retain their lien upon and security interest in real property and shall be paid as a long term debt pursuant to 1322(b)(5).

| CLAIMANT | COLLATERAL | EST AMT OF CLAIM | VALUE | MTHLY PYMT TO BE MADE BY THE TRUSTEE |
|---|---|---|---|---|
| Wells Fargo/HomeEq | Homestead | $211,115.00 | $250,000.00 | $1,486.00 |
| Litton Loan | 2nd Mtg | $53,051.00 | $39,000.00 | $514.00 |

     The regular ongoing monthly payment, including escrow where applicable, shall be made by the Trustee. The Creditor(s) shall be required to adjust the ongoing mortgage payments to reflect changes in interest rate and/or the cost of insurance, taxes, and other "escrow items" and to timely notify the Trustee and Debtor of any payment change. Neither the Debtor nor the Trustee shall be responsible for any payment shortages, arrearages or other costs attributable to the Creditor's failure to perform annual escrow reviews, Creditor's failure to timely notify the Trustee and the Debtor of any change in the payment amount or payment address and/or the Creditor's failure to timely and properly apply payments received from the Trustee in accordance with the terms of the Chapter 13 Plan. Any such shortages shall be discharged at the completion of the Chapter 13 plan.
     The Trustee shall disburse the payment to the creditor each month upon his normal distribution schedule. Such payments shall begin upon confirmation of the Plan or upon any appropriate order of the Court. No payment shall be deemed late and the agreement which is the basis for a claim shall not be deemed in default as a result of arrearages cured under this Plan.

     c.     If the Trustee receives less than the designated Plan payment as stated in Section 1 above during the term of the Plan, the Trustee shall first pay the Debtors' monthly mortgage payment, in full or in part, as set forth in Section 2(b) of the Plan. The remainder of the payment, if any, shall be paid to other secured and/or priority claimants on a pro-rata basis.
     The estimated ARREARAGES listed below shall be adjusted to reflect the actual arrearages at the time of confirmation. The arrearage as adjusted (including late charges) shall be cured within a reasonable time as part of the ongoing Plan payment at the contract rate of interest.

| ARREARAGE CLAIMANT | SECURITY | EST. ARREARAGE | INTEREST RATE | MIN MO PYMT |
|---|---|---|---|---|
| Wells Fargo/HomeEq | Homestead | $9,000.00 | 7.50% | $100.00 |
| Litton Loan | 2nd Mortgage | $1,100.00 | 11.32% | $20.00 |

     d.     CLAIMS SECURED BY PERSONAL PROPERTY. Under §1325(a)(5)(B), the following secured creditors will retain their liens in Debtor's property to secure their allowed, timely filed secured claims and be paid the value of their collateral in deferred cash payments plus interest at an annual rate of eight (5.44%). The following claims secured by liens on personal property shall be bifurcated according to Title 11 U.S.C. §506 to reflect the current fair-market value of the collateral, which shall be paid as the secured portion of the claim. The difference between the fair market value of the collateral and the total amount of the claim shall be classified as an unsecured claim and shall be paid pro-rata according to paragraph 2(i) of this Plan. Any amount relegated to an unsecured classification and which remains unpaid upon successful conclusion of this Plan shall be discharged by these proceedings and the corresponding lien shall be avoided thereby.
     Secured creditors shall be paid before payment to other priority creditors.

| CREDITOR | COLLATERAL | Est AMT OF CLAIM | VALUE | AP | MIN MTHLY PYMT |
|---|---|---|---|---|---|
| American Honda | '04 Honda Accord | $15,124.00 | $16,375.00 | $150.00 | $150.00 |
| HSBC/Best Buy | Computer | $1,200.00 | $200.00 | $25.00 | $25.00 |

     Total amount due secured consumer creditors is the sum of $17,580.00. Any remaining deficiency will be paid pro rata as an unsecured claim. These unsecured deficiencies amount to the sum of $1,000.00.

  e. The claims or expenses entitled to priority under §507(a)(7) shall be paid in full in deferred cash payments after payment to secured creditors as follows:

PRIORITY CLAIMANT                     TOTAL
Steve Ferguson (Atty Fees)                  $1,800.00

Ongoing child support to be paid outside the plan by the Debtor ($550.42/mth) directly to Cheryl Grob.
Any properly filed priority claims filed by the appropriate Tax Authorities, either pre-petition or post-petition, shall be paid through the Debtor's Chapter 13 Plan on a pro-rata basis.

  g. General unsecured creditors whose claims are timely filed and allowed will be paid pro rata approximately three percent (3%) of their timely filed claims plus 0% interest. The percentage dividend to be paid to unsecured creditors is estimated and the estimated percentage is in no way a guarantee of any specific amount. This plan shall therefore be confirmed as a **BASE PLAN** and not a percentage plan. The Trustee shall make monthly payments to each of the general unsecured creditors as follows:

GENERAL UNSECURED CREDITORS
(See Schedule F and section 2(d) of the Plan)
Total to be paid to unsecured creditors:          $2,528.00

  h. Pursuant to Section 1322(b)(5), the following long term debts shall be paid according to the terms and conditions of their original note and according to the following schedule:

CLAIMANT  SECURITY  PAYOFF/CLAIM  MONTHLY PYMT TO BE MADE BY TRUSTEE
None

3. a. If applicable, the following executory contracts or expired leases are rejected:
SELLER'S OR LESSOR'S NAME        ADDRESS
Prepaid Legal

  b. If applicable, the following executory contracts or unexpired leases are reaffirmed:
SELLER'S OR LESSOR'S NAME        ADDRESS
Cingular

4. Upon confirmation of the Plan, the Debtor will provide for payments to be made to the Trustee as follows:
  a. Debtor's wages
  b. Payments will commence approximately thirty (30) days from the filing date of this case.

### SUMMARY OF DISBURSEMENTS WITHIN THE PLAN

| | |
|---|---:|
| Secured creditors | 17,580.00 |
| House Payments | 120,000.00 |
| Mortgage Arrearages | 12,222.00 |
| Debtor's attorney | 2,200.00 |
| Other Priority Claims | 1,800.00 |
| Unsecured creditors (including deficiencies and avoided liens) | 2,528.00 |
| SUBTOTAL | $ 156,330.00 |
| Trustee (5% commission plus up to 5% actual expenses) | 17,370.00 |
| TOTAL | $ 173,700.00 |

### LIQUIDATION ANALYSIS

The liquidation value of non-exempt assets is $2,000.00. The total distribution to unsecured creditors over the entire length of the Plan amounts to $2,528.00 which represents approximately three percent (3%) of their total balances. This is in accordance with 11 U.S.C. §1325(a)(4) in that the payments under the plan are greater than those in a liquidation situation.

5/30/07
DATE

5/30/07
DATE

5/31/07
DATE

DAVID BYRON PIERCE

HOLLIE DEAN PIERCE

ATTORNEYS FOR DEBTOR

DEBORAH BROOKS & ASSOCIATES, P.C.
DEBORAH L. BROOKS, OBA#015684
5500 N. Western, Suite 130
Oklahoma City, OK 73118
(405) 840-6363

nan
m:\wpdoc\p\pierced.pln.wpd(wp10)